GLD-290                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3440
_____

IN RE:  PERCY TRAVILLION,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to 2-04-cr-00144-007)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 20, 2012

Before: FUENTES, GREENAWAY, JR., and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 3, 2012)
_____

OPINION
_____

PER CURIAM

Percy Travillion, proceeding pro se and in forma pauperis, petitions for a writ of

mandamus compelling the United States District Court for the Western District of

Pennsylvania to rule on three motions filed in July 2010, June 2012, and July 2012.  We

will deny the petition as to all motions without prejudice.

Travillion was convicted of three charges stemming from a conspiracy to

distribute narcotics; he was sentenced to 188 months of imprisonment for each charge, to

be served concurrently.  See United States v. Travillion, 321 Fed. App'x 156 (3d Cir. 2009).  In July 2010, Travillion filed a motion to vacate the judgment against him pursuant to 28 U.S.C. § 2255.  The Government responded in December 2010, and Travillion replied in January 2011.  The next activity in the case occurred in June 2012, when Travillion filed a motion for immediate release from custody, the District Court ordered briefing and the Government filed its response.  In July 2012, Travillion moved to expedite the § 2255 motion and the June 2012 motion; he also filed his reply to the Government's response in opposition to the June 2012 motion.

Mandamus is a drastic remedy available in extraordinary circumstances only.  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable."  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  Generally, a court's management of its docket is discretionary. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 2005).  Due to the discretionary nature of docket management there is no "clear and indisputable" right to have the District Court handle a case in a certain manner.  See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980).  However, mandamus may be warranted when a district court's delay "is tantamount to a failure to exercise jurisdiction."  Madden, 102 F.3d at 79.

In this case, Travillion's § 2255 motion is the longest pending motion.  It was fully briefed on January 19, 2011.  Although the District Court has not yet ruled on that motion, there has not been prolonged and continuous inactivity indicating a failure to exercise jurisdiction.  Following the completion of briefing for the § 2255 motion,

2

Travillion filed additional motions warranting a response and consideration by the District Court.

Those motions have been pending in the District Court for less than four months; this period of time does not rise to the level of undue delay and does not warrant our intervention. See id. at 79 (noting that a delay of approximately eight months did not require mandamus). The proceedings related to the § 2255 motion have been more protracted than those associated with the June and July 2012 motions, and the delay is not insignificant and raises some concern. See id. However, the District Court's more recent activity does not indicate a persistent delay "tantamount to a failure to exercise jurisdiction." Id.

We express our confidence that the District Court's docket management practices will not unduly defer disposition of any pending motions, in particular the § 2255 motion. Consequently, we deny the petition for a writ of mandamus. This denial is without prejudice to Travillion's filing of a new petition for a writ of mandamus if the District Court does not act within sixty days of the date of this judgment.